UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 14-CIV-20341-GAYLES/McALILEY

GEORGE HORN,

    Plaintiff,
vs.

MICHAEL D. CREWS, et al.

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant Timothy H. Cannon's Motion to Dismiss Second Amended Complaint, or in the Alternative, to Strike [ECF No. 86][1] and Defendant Seyed Hosseini, M.D.'s Motion to Dismiss Second Amended Complaint [ECF No. 87]. The Court referred the Motions to Magistrate Judge Chris McAliley for a Report and Recommendation.

Upon reviewing the Motions, Judge McAliley issued her Report and Recomendations on Motions to Dismiss [ECF No. 118] ("Report") recommending that the Court deny the Motions. In particular, Judge McAliley found that 1) Plaintiff has adequately pled his claim for deliberate indifference to a serious medical need; 2) it is premature to determine whether Dr. Hosseini is entitled to qualified immunity; and 3) the doctrine of separation of powers does not bar Plaintiff's request for injunctive relief. The Report also advised the parties that they had fourteen days from receipt of a copy of the Report to object to it. To date, no party has objected.

---

[1] Defendant Timothy H. Cannon became the Interim Secretary of the Florida Department of Corrections after Michael D. Crews resigned as Secretary on November 30, 2014. Defendant Cannon is automatically substituted for Mr. Crews as the official-capacial Defendant under Fed. R. Civ. P. 25(d).

When a party properly objects to a magistrate judge's disposition, district courts must review the disposition *de novo*. FED. R. CIV. P. 72 (b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the Report, the record, and the applicable law and finds no clear error appears on the face of the record. In light of that review, the Court agrees with Judge McAliley's analysis and recommendations and agrees with her conclusion that the Motions should be denied. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Timothy H. Cannon's Motion to Dismiss Second Amended Complaint, or in the Alternative, to Strike [ECF No. 86] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Defendant Seyed Hosseini, M.D.'s Motion to Dismiss Second Amended Complaint [ECF No. 87] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of June, 2015.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record