## AFFIDAVIT OF DAVID REDDICK, M.D.

1. My name is David Reddick. I am over the age of eighteen (18), and I have personal knowledge of the facts stated herein.

2. In preparing this Affidavit, I have reviewed Mr. George Horn's Complaint and the medical records received from the Florida Department of Corrections pertaining to George Horn's care and treatment at South Florida Reception Center ("SFRC").

3. I am currently employed by Wexford Health Sources, Inc. as the Site Medical Director at Homestead Correctional Institution. Prior thereto, I was employed by Wexford Health Sources, Inc. as the Regional Medical Director of Florida's Region IV institutions, which include SFRC, from March 2013 to January 2015. My responsibilities as the Regional Medical Director were limited to administrative duties and oversight, and I was not tasked with rendering individualized care and treatment to inmates.

4. As the Regional Medical Director, I was familiar with Wexford Health Sources, Inc.'s Utilization Management and Collegial Review process. The Collegial Review process involves the collaboration between Wexford Health Sources, Inc. Medical Directors, Utilization Management nurses, and site clinicians to determine the most clinically appropriate and financially responsible approaches to inmate healthcare issues. While cost is a factor that is considered in the Collegial Review process, each decision is made on a case-by-case basis that is individually tailored to each respective inmate-patient in accordance with medical judgment and necessity.

5. As the Regional Medical Director, I did not serve on the Utilization Management's Collegial Review committee, though in limited circumstances I was asked by the Utilization Management Director to serve as a substitute member. However, I never took part in the Collegial Review process for any medical issues related to George Horn.

6. During my tenure as the Regional Medical Director, I can only recall personally consulting with George Horn on 1-2 occasions. Most notably, on January 6, 2014, Dr. Marlene Hernandez and I met with George Horn regarding his continued insistence on a right hip reimplantation. Prior to meeting with George Horn, I reviewed his medical records and apprised myself of his past medical history and treatment. Most recently, George Horn had presented to an orthopedic surgeon, Dr. Ponce de Leon, on December 13, 2013, who opined



EXHIBIT "P"

that George Horn was not indicated for a hip reimplantation procedure. Additionally, I was able to ascertain that George Horn had consistently been prescribed morphine or alternative pain management medication to mitigate his complaints of chronic pain. At the time of our meeting on January 6, 2014, George Horn was being administered 50mg of Elavil at bedtime *and* 400mg of Motrin, twice daily, PRN ("when necessary").

7. During our meeting, we discussed the pros and cons of a hip reimplantation procedure and Dr. Jose Ponce de Leon's December 13, 2013 consultation report advising against further surgery. Dr. Ponce de Leon was a qualified orthopedic surgeon whose medical opinion was deferred to on the issue of the appropriateness of hip surgery for George Horn. George Horn never brought up nor did he complain to me at that time regarding his need for *different* pain management medication. We did not make any determination regarding the potential discontinuing of Mr. Horn's pain management medication at that time either because Mr. Horn's complaints of pain were not a concern for him.

8. As the Regional Medical Director, I had no personal involvement in the medical decisions regarding George Horn. The Site Medical Director and the site providers provided care and treatment to George Horn in accordance with their medical judgment and experience and appropriately deferred to the recommendations of outside consultants on matters not within their expertise.

9. In my employment with Wexford Health Sources, Inc., I have never been instructed or incentivized to deny necessary medical care or treatment to a respective inmate. On the contrary, the medical care and treatment provided to inmate-patients at SFRC is based on medical judgment and necessity.

10. My opinion has never been disqualified in any Court.

11. I certify that I have not been found guilty of fraud or perjury in any jurisdiction.

12. Under penalties of perjury, I certify that I have read the foregoing and the facts stated in it are true.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____, M.D.
DAVID REDDICK, M.D.